**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4711
_____

MONICA GRIFFIN; SHABRE
RINNGOLD; ISAIAH BOYER,
                                        Appellants

v.

SANDRA MILLER; BENNO RUHNKE; DEIDRE DURHAM;
TANYA NELSON; BERKS COUNTY HOUSING AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-10-cv-05740)
District Judge:  Honorable James Knoll Gardner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2016
Before:  AMBRO, GREENAWAY, JR. and SLOVITER[1], Circuit Judges

(Opinion filed: May 3, 2016)
_____

OPINION[*]

_____

[1] The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Monica Griffin and her two adult children appeal from the order of the District Court denying their motion for summary judgment and entering summary judgment in favor of the defendants. We will affirm.

## I.

Griffin and her adult children assert the same claims, so will refer only to Griffin's claims for ease of reference. Griffin filed an Amended Complaint against the Berks County Housing Authority and four individual defendants raising claims of racial discrimination arising from her participation in the Section 8 Housing Choice Voucher program. In particular, Griffin claimed that defendants discriminated against her on the basis of her African-American race by not: (1) re-inspecting her apartment after it failed an annual review; (2) accounting for a reduction in child support payments in calculating Griffin's rent; and (3) providing a proper "utility reimbursement allowance." She asserted her claims against all defendants under the Fair Housing Act ("FHA") and her claims against the Housing Authority under Title VI of the Civil Rights Act of 1964.[2] Following discovery, all parties filed motions for summary judgment. The District Court

---

[2] The District Court dismissed under Fed. R. Civ. P. 12(b)(6) additional claims that Griffin asserted, but Griffin has not challenged or even mentioned that ruling in her notice of appeal or her appellate brief. We thus do not address it.

denied Griffin's motion but granted those of the defendants and entered summary judgment in their favor. Griffin appeals.[3]

We will affirm for the reasons thoroughly explained by the District Court. The District Court properly concluded that Griffin's claims are governed by the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Chauhan v. M. Alfieri Co., 897 F.2d 123, 126-27 (3d Cir. 1990) (FHA); Hankins v. Temple Univ. (Health Scis. Ctr.), 829 F.2d 437, 440 (3d Cir. 1987) (Title VI). The District Court further properly concluded that Griffin did not make out a prima case of discrimination because she did not present any evidence raising a reasonable inference that defendants discriminated against her on the basis of her race.

Griffin argues on appeal in conclusory fashion that she established a prima facie case but that the District Court did not consider the evidence as a whole and denied her due process. Griffin, however, does not acknowledge the substance of the District Court's reasoning or identify any evidence of record calling it into question. In fact, Griffin does not cite or refer to any evidence in the summary judgment record at all. We

---

[3] We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's entry of summary judgment is plenary. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014), cert. denied, 135 S. Ct. 1738 (2015). As the District Court did, we view the evidence in the light most favorable to Griffin in order to determine whether a reasonable jury could find in her favor. See id. After filing this appeal, Griffin filed a motion for reconsideration, and the District Court denied it. That ruling is not before us because Griffin did not file another notice of appeal. See Fed. R. App. P. 4(a)(4)(B)(ii).

3

nevertheless have reviewed the record and agree with the District Court that Griffin presented no evidence raising a reasonable inference of discrimination.[4]

Griffin raises four other arguments that we will briefly address. First, she asserts that the standard for establishing a prima facie case under the FHA and Title VI "should be more relaxed." Griffin raises no specific argument in that regard, however, and the District Court properly concluded that she failed to make out a prima facie case under the applicable standard even giving her pro se filings the liberal construction they were due.

Second, Griffin asserts that the District Court should have applied two decisions, which appear to be Mt. Holly Gardens Citizens in Action, Inc. v. Township of Mount Holly, 658 F.3d 375 (3d Cir. 2011), and Gallagher v. Magner, 619 F.3d 823 (8th Cir. 2010). She does not argue how these decisions apply to her claims, however, and they do

---

[4] As the District Court concluded, Griffin's claims are conclusory. The closest she came to making out a prima facie case was by testifying at her deposition that she knew of three other African-American women who had experienced housing discrimination but was not aware of any Caucasian who experienced similar problems. Griffin, however, provided no details in that regard or any other evidence on this point. To the contrary, much of the evidence she presented actually undermines her claims. Griffin previously raised her first claim in a complaint with the United States Department of Housing and Urban Development. That agency investigated the claim and declined to take action after finding, inter alia, that the Housing Authority had given Griffin multiple opportunities to move that she refused and that the inspector in question had failed to re-inspect the apartments of Caucasians but no African-Americans other than Griffin. Griffin previously raised her second and third claims with the Pennsylvania Human Relations Commission. That agency investigated the claims and took no action after finding, inter alia, that the Housing Authority properly recalculated Griffin's rent after she forwarded the proper paperwork and actually provided the utility reimbursement she requested. The District Court did not recite the factual background applicable to Griffin's second and third claims, as it did for her first, but its conclusion that Griffin failed to present evidence raising a reasonable inference of discrimination applies equally to each claim, and Griffin has raised no specific argument on these claims.

not. Both cases hold that a plaintiff can make out a prima facie case of disparate impact under the FHA by relying on statistical evidence. See Mount Holly Gardens, 658 F.3d at 382-83; Gallagher, 619 F.3d at 836. No such evidence is at issue here, and the District Court's analysis is not otherwise inconsistent with these decisions.

Third, Griffin argues that counsel for the defendants committed misconduct during discovery. The only specific discovery she claims she did not receive were interrogatory responses from defendant Deidre Durham. Griffin, however, did not raise this issue in the District Court in a way that might have permitted its resolution. She mentioned the issue in a footnote in her brief in opposition to summary judgment, but she did not file another motion to compel this discovery after the District Court ordered defendants to provide it. (ECF No. 70.) She also did not file a motion for additional discovery under Fed. R. Civ. P. 56(d) and did not argue how, or even that, the allegedly outstanding discovery rendered summary judgment premature. Nor has she raised any such argument on appeal. Griffin's remaining arguments regarding discovery do not state a basis to disturb the District Court's ruling.[5]

Finally, Griffin asserts that all defendants "admitted" in their answers and affirmative defenses that they discriminated against her. She does not explain how, and our review of the record reveals no such admissions.

_____

[5] Griffin argues, for example, that counsel for certain defendants improperly produced the medical records of Griffin's minor daughter to counsel for a co-defendant. We do not address that issue, and express no opinion on it, because the alleged production of this information had no bearing on the District Court's entry of summary judgment.

## III.

For these reasons, we will affirm the judgment of the District Court.